## In re NEW YORK DAILY NEWS.

### (Circuit Court, S. D. New York. May 11, 1894.)

CUSTOMS DUTIES—CLASSIFICATION—"PERIODICALS."

    Illustrated supplements, printed in Germany, and in the German language, consisting of an eight-page pictorial sheet, containing short stories, poems, selections of German humor, and other current literature, and numerous illustrations appropriate thereto, being a publication issued in large numbers in Germany under the title "Lustige Blaetter," and distributed in large editions to various German newspapers in different German cities,—the supplement in question being the same publication in an editon thereof printed purposely for the German New York Sunday News, and having a distinctive title, "New Yorker Lustige Blaetter," with an illustrated heading representing the harbor of New York, the Statue of Liberty, and the Brooklyn Bridge, etc., no date appearing anywhere upon these illustrated supplements, but they being numbered consecutively throughout the year, Nos. 1 to 52, and it appearing upon each number, in the German language, that the same was published by the New York Daily News, at 31 and 32 Park Row, New York City; these supplements being imported in lots usually of several thousand copies, including commonly two numbers, and being, after importation issued regularly as a gratis supplement to the Sunday edition of the New York Daily News,—*held*, that these publications were not "periodicals," and duty free, under paragraph 657 of the free list of the tariff act of October 1, 1890, but were properly dutiable, as classified by the collector of the port of New York, at 25 per cent. ad valorem, as printed matter, under schedule M, par. 423, of said tariff act.

Appeal by the collector of the port of New York from a decision of the board of United States general appraisers reversing the decision of the said collector as to the dutiable character of certain illustrated supplements printed in Germany in the German language, and imported by the New York Daily News Company, which merchandise was classified for duty by the said collector as "printed matter," at 25 per cent. ad valorem, under schedule M, par. 423, of the tariff act of October 1, 1890, which is as follows:

"423. Books, including blank books of all kinds, pamphlets and engravings, bound or unbound, photographs, etchings, maps, charts, and all printed matter not specially provided for in this act, twenty-five per centum ad valorem."

Against this classification the importing corporation protested, claiming that the merchandise was "periodicals," and duty free, under the free list (paragraph 657) of said tariff act, which is as follows:

"657. Newspapers and periodicals; but the term 'periodicals' as herein used shall be understood to embrace only unbound or paper covered publications, containing current literature of the day and issued regularly at stated periods, as weekly, monthly, or quarterly."

The local appraiser reported to the collector that the merchandise was pictorial sheets intended to be given away with the German edition of the New York Daily News. No testimony was taken by the board of general appraisers, and that board, in its decision, found, in substance, that the publication was an eight-page pictorial paper, "New Yorker Lustige Blaetter;" that these papers contained stories, poems, selections of German humor, and other current literature; that they were issued weekly; that they were to be used as supplements to the German edition of the New York Sunday News. As conclusion of law, the board found that they were "periodicals," within paragraph 657 of the tariff act, and duty free, thereby sustaining the protest of the importers. The collector, thereupon, by petition, appealed the case into the circuit court, under the provisions of the customs administrative act of June 10, 1890; and the board of United States general appraisers made its return to the court, sending up therewith samples of the printed matter in question. An order for the taking of further evidence in the circuit court was obtained on the part of the government, and testimony was accordingly taken before a referee appointed by the court. From this testimony, it appeared that the supplements in question were printed in Munich, Germany; there being in that city a German publication called "Lustige Blaetter," which appeared there in very large editions, furnished to different German newspapers as a supplement, with various and different headings and devices, appropriate to the newspapers issued in German cities; that this "New Yorker Lustige Blaetter" was specially printed in Munich, Germany, for the New York Daily News, and was furnished with a special heading, representing the Brooklyn Bridge, and the Statue of Liberty in New York Harbor; that upon these supplements appeared the statement, in German, that they were issued or printed or published (according to the translation of the German

words used) by the New York Daily News at 31 and 32 Park row, New York City; that these supplements were numbered regularly during the year, from 1 to 52, but contained no date upon any of the numbers. The German edition of the New York Sunday News, published weekly, contained an advertisement each week referring its readers to the gratis supplement by such and such a number. It was also shown that these comic German extras were received in invoices containing usually two numbers, in large lots, of many thousand copies, and were, after importation, issued regularly, by numbers, with the Sunday edition of the New York German Daily News.

On the trial in the circuit court, it was contended on behalf of the government that the uncontradicted evidence showed that the comic extra was merely printed in Munich for the New York Sunday News, with special headings, and the statement that the extra was published in New York City, and that the publication had never been, and was not, regularly issued in Germany, so as to bring it within paragraph 657 of the free list of the tariff act, but that it became a periodical only when issued with the weekly edition of the German Sunday News in New York City. The importers' counsel insisted that the publication was regularly issued in Germany in weekly numbers furnished regularly to many newspapers in that country, and also to the importers in question, and that it was, when imported, a periodical, entitled to free entry, under paragraph 657 of the free list. After deliberation the court handed down the following opinion, sustaining the claim of the collector and of the United States, and reversing the decision of the board of general appraisers.

Henry C. Platt, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for the collector and the United States.

Stephen G. Clarke, for the importers.

WHEELER, District Judge (after stating the facts). A periodical is published in Germany. A part of the Sunday editions is printed in German, with a heading for the place of publication of the New York Daily News in New York. This is imported by the New York Daily News in bulk, and issued as a supplement to the New York Daily News Sunday edition, without date. The board of general appraisers have classified this importation as periodical, free, and the collector has appealed. Periodicals are made free with a proviso, among other things, that they are to be issued regularly, at stated periods, as weekly, monthly, or quarterly. Those imported are not issued at all as periodicals before importation. They are like patent insides or outsides of newspapers, sold partly printed, to be completed for publication. They appear to be, therefore, printed matter, dutiable at 25 per cent., under paragraph 423 of the act of 1890, rather than a periodical, under paragraph 657. The judgment of the board of appraisers is reversed.